Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaTasha Turner, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Daya Hospitality, LLC, | |
| Defendant. | |

Plaintiff LaTasha Turner ("Plaintiff"), alleges:

## INTRODUCTION

1. Plaintiff brings this action against Daya Hospitality, LLC ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff equal access to the property, Days Inn & Suites by Wyndham, located at the commonly known address 1605 Auto Center Drive, Antioch, California ("Days Inn"), which is a place of lodging.

## PARTIES

2. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

3. Defendant is a California limited liability company with its principal place of business at San Mateo, California. At all times relevant, Defendant has done and did business in California.

4. Defendant owned, managed, rented, leased, and/or otherwise operated the Days Inn.

//

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4).

6. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Days Inn is located within this judicial district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff suffers from a disability, and/or medical conditions that is a disability.

9. Plaintiff suffers from, among other things, a traumatic brain injury and bulging disks from her neck to her lower back related to a tragic 2020 auto accident.

10. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

11. Plaintiff has mobility issues that prevent her from safely bending over to pick up objects that she drops on the floor.

12. Plaintiff utilizes a service dog to help address the challenges resulting from Plaintiff's disability, which Plaintiff deals with on a daily basis.

13. Plaintiff's service dog is trained in specific tasks to assist Plaintiff with the symptoms of Plaintiff's disability, including, but not limited to, picking up objects that Plaintiff drops on the floor or ground.

14. On July 11, 2022, Plaintiff booked a room at the Days Inn for the night.

15. Plaintiff went to check into the Days Inn on July 11, 2022.

16. At the Days Inn, Plaintiff was directed to utilize a self-service kiosk to check in.

17. The kiosk presented Plaintiff with a live person via video to check into the Days Inn.

18. The person on the video, an employee and/or agent of Defendant, commented on Plaintiff's service dog as being a "pet," which Plaintiff corrected several times.

19. The employee on the video told Plaintiff that she would need to pay a pet deposit.

20. Plaintiff initially refused to pay the deposit. Plaintiff even showed the employee her service dog's paperwork using the camera built into the kiosk. Defendant refused to allow Plaintiff to continue the check-in process because of Plaintiff's refusal to pay the illegal deposit.

21. By this time, several employees circling Plaintiff in the lobby and telling her that she needed to pay the pet deposit.

22. Ultimately, Plaintiff relented and paid a $200 cash deposit because Defendant would not allow her to check into her room without paying the deposit.

23. Plaintiff is hesitant and apprehensive to rebook and attempt to use Days Inn because of the possibility that she will be denied access to the Days Inn because of her disability and service animal.

24. Plaintiff would like to use the Days Inn when it complies with the ADA requirements regarding service animals and changing its policies, trainings, and procedures accordingly. Plaintiff's mother lives in the area.

25. Plaintiff has been injured as result of Defendant's conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

26. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

27. Title III of the ADA bans disability discrimination against an individual in places of public accommodation. The ADA states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

28. The Days Inn is a place of lodging.

29. Defendant's operation of the Days Inn affects commerce.

30. Defendant accepts, solicits, advertise, and/or offers the Days Inn to the public.

31. The Days Inn is a public accommodation.

32. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

33. Defendant has a policy that restricts and denies access to Plaintiff and patrons like Plaintiff.

34. Defendant's conduct knowingly and willfully denies and excludes Plaintiff from equal access to their public accommodation.

35. As a result of Defendant's conduct, denying Plaintiff equal access to the Days Inn, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to rebook the Days Inn.

36. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Days Inn.

37. Defendant does not have any legitimate business justification to excuse their denial of Plaintiff's equal access.

38. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and/or pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.

39. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may attempt to use the Days Inn, in light of Defendant's conduct.

40. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

41. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory

attorney fees, litigation expenses, and costs.

**SECOND CAUSE OF ACTION**

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

42. Plaintiff incorporates all prior paragraphs as if fully stated herein.

43. The Days Inn is an accommodation, lodging place, public accommodation, or other place to which the general public is invited.

44. Defendant denied and interfered with Plaintiff's ability to access the Days Inn.

45. Plaintiff wishes to use the Days Inn but is deterred from it because the lack of access and the significant policy barriers will foreseeably cause Plaintiff further difficulty, discomfort, and embarrassment. Plaintiff is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to and use of these public facilities.

46. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning and operating the Days Inn, Plaintiff has suffered a violation of civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries.

47. Defendant's actions and omissions constitute discrimination against Plaintiff.

48. Plaintiff has been damaged by Defendant's wrongful conduct.

49. Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Days Inn and encounter illegal policy barriers which deny them full and equal access when they do so.

50. At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the Days Inn violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages are appropriate.

51. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Defendant's behavior was intentional.

52. Plaintiff believes Defendant was aware and/or were made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint.

53. Defendant's establishment of their discriminatory policy denying access to disabled persons to safely have full and equal access to the Days Inn, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights.

54. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled from full and equal access to these public facilities. Such acts and omissions are the cause of mental and emotional suffering for Plaintiff.

55. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

56. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

57. Plaintiff suffered damages as described are a result of Defendant's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to the Days Inn. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3, including treble damages.

//

//

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

58. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

59. The Days Inn is a business establishment.

60. Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Days Inn.

61. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

62. Plaintiff was harmed.

63. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

64. Alternatively, the Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f), so Defendant has violated the Unruh Act by violating the ADA.

65. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

66. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages in an amount to be proven at trial, and at least a statutory minimum of $4,000 for each offense;

3. Punitive damages;

4. Attorney's fees pursuant to 42 U.S.C. § 12205, Civil Code sections §§ 52, 54, Code of Civil Procedure section 1021.5, and/or any other applicable statutes, expenses, and costs of suit;

5. Other relief that the court deems appropriate.

Dated: July 28, 2022                                        Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorney for Plaintiff